1     UNITED STATES DISTRICT COURT
2                DISTRICT OF NEVADA

3  ANTONIO M. BREAKMAN,                    Case No. 2:18-cv-00128-GMN-VCF
4                        Plaintiff          SCREENING ORDER
5       v.
6  JAMES DZURENDA et al.,
7                        Defendants

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*[1] and two motions requesting screening. (ECF Nos. 1-1, 4, 5, 6). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses the remaining motions.

**I.    IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 4). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be

---

[1] Plaintiff's application to proceed *in forma pauperis* is complete when looking at ECF Nos. 1-1 and 4.

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT[2]

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants NDOC Director James Dzurenda, Warden Nevens, Warden B. Williams, Caseworker Ritz, and John Doe. (*Id.* at 1-3). Plaintiff alleges two counts and seeks monetary damages. (*Id.* at 5, 9).

The complaint alleges the following: Prison officials failed to correctly apply Plaintiff's statutory time credits to his minimum sentence. (*Id.* at 3). The failure to

---

[2] The motions requesting screening (ECF Nos. 5, 6) are denied as moot in light of this screening order.

1  correctly apply Plaintiff's statutory time credits to his minimum sentence resulted in
2  Plaintiff failing to see the parole board on time. (*Id.*) Plaintiff states that he only received
3  181 days of credit for time served even though NRS § 209.4465 states that he should
4  receive more. (*Id.* at 4). As a result, prison officials denied Plaintiff the opportunity to visit
5  the parole board on time. (*Id.* at 5). Plaintiff alleges Fifth, Eighth, and Fourteenth
6  Amendment violations. (*Id.* at 4-5).

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82.

The Court dismisses this action in its entirety, without prejudice, because Plaintiff is attempting to challenge the duration of his sentence. Specifically, Plaintiff seeks to have prison officials award him statutory good time credits that he believes he is entitled to. *See* NRS § 209.4465 (detailing credits per month for offenders meeting certain conditions). If Plaintiff were to succeed in this lawsuit, the duration of his sentence would be reduced. In *Williams v. State Dep't of Corr.*, 402 P.3d 1260 (Nev. 2017), the Nevada Supreme Court addressed whether NRS § 209.4465 applied to a prisoner in that case and noted that the prisoner had properly raised the issue in a postconviction petition for habeas corpus. *Id.* at 1262; *see also* NRS § 34.724(2)(c) (stating that a postconviction petition for a writ of habeas corpus is "the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment

of conviction").

The Court acknowledges that Plaintiff is attempting to couch his lawsuit in terms of being unable to appear before the parole board in a timely manner. However, the ability for Plaintiff to appear in front of the parole board is directly related to Plaintiff serving his minimum sentence in which he seeks credits for. As such, Plaintiff must raise the issue in a petition for habeas corpus.

**IV.     CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is **granted**. Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Antonio M. Breakman, #83500** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed in its entirety without prejudice.

It is further ordered that the motions requesting screening (ECF Nos. 5, 6) are

denied as moot.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court close this case and enter judgment accordingly.

DATED THIS <u>  19  </u> day of December 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court